PROVOSTY, J1.
Plaintiff’s husband was killed by an explosion while he was at work for the defendant company. Plaintiff charges that át was through the negligence of the defendant company, and claims damages under article 2315 of the Civil Code, which provides that—
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”
Defendant excepted, on the ground that plaintiff’s sole remedy was under the Employers’ Liability Act. Act 20, p. 44, of 1914. This exception was sustained, and plaintiff’s suit dismissed, with reserve of right to sue under the said act.
This act provides what shall be the liability of an employer to an employé, his widow, or his children in case of his being injured or killed in the course of his employment; and provides further, in its section 34:
“The rights and remedies herein granted * * * shall be exclusive of all other rights and remedies of such employé, his personal representatives, dependents, relations, or otherwise, on account of such injury.”
Plaintiff contends that this does not have the effect of doing away with the remedy under article 2315, C. C., but that, if it does, said act cannot be understood as applying to the widow of the employé because between her and the employer there was no contractual relation, and therefore she cannot be held to have waived her right to sue under said article of the Code, and that if the said act is applicable to her case, and does supersede said article 2315, it is unconstitutional, because broader in these respects than its title, and is otherwise unconstitutional because it is a special' law, and because it deprives her, without due process of law, of her right to sue under said article of the Code which right is her property.
*71 [1,2] Said- act, by its plain and express terms, does make tbe remedy which it provides exclusive in a case like the present; it therefore does apply to this case, and does supersede article 2315 of the Code. And for so doing the title is broad enough, since it reads:
“An act prescribing the liability of an employer to make compensation for injuries received by an employs in performing services,” etc.
The act does no more in its body than “prescribe the liability of an employer, for injuries received by an employé in performing services” etc.
[3-6] As to this law being “special,” within the intendment of article 48 of the Constitution, forbidding the enactment of special or local laws, it is not such, since it applies to employers and employes in general. As to its depriving plaintiff of property without due process of law, it does nothing of the kind, for two reasons: First, because formerly the right to sue for the death of a human being, which is the right plaintiff is seeking to exercise, did not exist in this state, but was given by statute, and, of course, the Legislature may repeal a statute enacted by itself, or supersede it by another statute; second, because the‘regulation of what recourse one person may have against another for personal injury is a matter entirely within legislative discretion.
[7] Plaintiff also contends that the said act is inapplicable to this case, for the further reason that the notice, required by section 12 of the act to be posted, was not posted. But by the very terms of said section the sole effect of failure to post said notice is to extend for six months the delay within which notice of the injury must be given .to the employer.
All the questions raised by plaintiff in this' case in connection with said act have been considered and decided (and let us hope settled) in the following cases: Boyer v. Crescent Box Co., 143 La. 368, 78 South. 596; Whittington v. La. Sawmill Co., 142 La. 322, 76 South. 754; Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549; Veasey v. Peters, 142 La. 1012, 77 South. 948.
[8] With the policy, or justice, of the Employers’ Liability Act, this court has nothing to do. That is a matter for the Legislature.
[9] In her original petition plaintiff prayed that, should the court hold that the case is governed by said act, then that—
“an adequate and equitable relief and an equitable lump sum be adjudicated, according to said acts, adding to it an adequate and equitable sum for sufferings, mental agony, loss of consortium, and pecuniary loss.”
Except as in this prayer, nothing was alleged to be due, or claimed, under said Employers’ Liability Act in the petition; but, on the contrary, said act was repudiated throughout as invalid, and inapplicable to the case. The learned trial judge thought the petition insufficient to justify any judgment under the act.
This ruling was correct. Plaintiff has made no specific demand upon defendant under the act, either in or out of court. Section 18 of the act would seem to contemplate that suit may be brought under the act only after the parties have failed to agree out of court upon the amount of compensation due. At any- rate, the defendánt company is entitled to know what specific amount the plaintiff is claiming before it can be required to answer.
Judgment affirmed.
MONROE, C. J., dissents.