10 So.2d 785

ATCHISON, et al. v. MAY.

In re ATCHISON et al.

No. 36611.

Nov. 4, 1942.

Charles E. Fernandez, of Franklin, for relators.

Brumby & Bauer, of Franklin, for respondent.

McCALEB, Justice.

The plaintiffs, Mrs. Ethel Knight Atchison and J. Edman Knight, the surviving

brother and sister of Henry Knight, brought this action against the defendant, Thayer T. May, to recover $20,000 damages ex delicto for the death of their brother, who was killed on May 15, 1940, as the result of accidental injuries received by him while in the performance of his duties as an employee of the defendant at the latter's sawmill located at Garden City in the Parish of St. Mary.

In the District Court, plaintiffs' suit was dismissed on an exception of no right of action. Plaintiffs appealed to the Court of Appeal, First Circuit, where the judgment of the District Court was affirmed. Thereafter, on the application of the plaintiffs, this court granted writs of certiorari and review and the matter is now before us for decision.

Plaintiffs allege that their brother, Henry Knight, was employed in a planing mill owned and operated by defendant at Garden City, Louisiana; that he died on May 15, 1940, as a direct result of being burned and scalded by hot water and steam which escaped from a defective piston of a stationary steam engine located on defendant's premises where the deceased was working and that the accident was caused by the defendant's negligence. Plaintiffs affirmatively set forth that their deceased brother had never been married; that he left neither ascendants nor descendants nor any dependents; that they, as his surviving sister and brother, are the sole and only persons entitled to recover under Article 2315 of the Civil Code for his death and that they were not in anywise dependent upon the deceased for support.

The contention of the defendant, which was maintained by the District Court and affirmed by the Court of Appeal, is that the plaintiffs are without a right of action under Article 2315 of the Civil Code because any rights or remedies, which may have been afforded to the deceased employee, his relatives or his dependents, were confined to such rights and causes of action which are accorded by the Employers' Liability Act of this State (Act No. 20 of 1914, as amended), which said rights and remedies are exclusive. Hence, the main question to be determined in the case is,—whether a right of action is vested in the plaintiffs under Article 2315 of the Code, as amended, to recover against the employer of the deceased for the alleged negligent death of the latter, which resulted from an accident occurring in an admittedly hazardous occupation while the deceased was acting in the course and scope of his duties.

The Employers' Liability Act (Act No. 20 of 1914, as amended, Act No. 85 of 1926, Dart's Statutes, Section 4393) provides in paragraph 1 of section 3 that: "This act, except Sections 4 and 5, relating to defenses, shall not apply to any employer or employee engaged in any trade, business or occupation specified in paragraph 2 of Section 1, or in any that may be determined to be hazardous under the operation of paragraph 3 of Section 1, unless prior to the injury they shall have so elected by agreement, either express or implied, as hereinafter provided. Such an agreement shall be a surrender by the parties thereto of their rights as against each other *to any method, form, or amount of compensation, or damages, or determination*

*thereof other than as provided in this act, and shall bind the employee himself, his widow, and relatives, personal representatives, heirs, and dependents as hereinafter defined,* as well as the employer and those conducting his business during bankruptcy and insolvency." (Italics ours.)

And paragraph 3 of the same section declares: "Every contract of hiring, verbal, written or implied between an employer and an employee engaged in any trade, business or occupation specified in paragraph 2 of Section 1, or engaged in any trade, business or occupation that may be determined to be hazardous under the operation of paragraph 3 of Section 1, made subsequent to the time provided for this act to take effect, *shall be presumed to have been made subject to the provisions of this act, unless there be as a part of said contract an express statement in writing either in the contract itself or by written notice by either party to the other, that the provisions of this act other than Sections 4 and 5 are not intended to apply, and it shall be presumed that the parties have elected to be subject to the provisions of this act and to be bound thereby, unless such election to be terminated as hereinafter provided.*" (Italics ours.)

Section 34 of the statute, as amended by Act No. 38 of 1918 (Dart's statutes, section 4423), provides: "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act *shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or*

*otherwise, on account of such injury.*" (Italics ours.)

The foregoing mandate of the Legislature is explicit and affords a full answer to the proposition advanced by the plaintiffs in this case. It is conceded by the plaintiffs that their deceased brother was employed by the defendant in a hazardous occupation and that he met his death as a direct result of an accident which occurred while he was engaged in the course and scope of his employment. Therefore, it follows that, as to the employee, the provisions of the compensation law were applicable since, in the absence of a special agreement of employment to the contrary, it was presumed under the law that the parties to the contract of employment were to be governed by the provisions of the act. This contract of employment became binding not only upon the employer and employee but equally so upon "his widow, and relatives, personal representatives, heirs, and dependents * * *" as stated in paragraph 1 of section 3 of the above-quoted statute and operated as a complete surrender by those persons of all their rights against the employer for compensation or damages other than that provided by the act. The restriction of the rights and remedies to those granted under the compensation law is made absolute by the provisions of section 34 of the act with respect to the employee, his personal representatives, dependents, "relations, or otherwise."

The intention of the Legislature is demonstrated by the clear language employed by it in the above-quoted sections of the

act and this court has experienced but little difficulty in resolving that a contract of employment to do hazardous work is governed exclusively by the provisions of the compensation law, not only with respect to the right and remedy of the employee himself, but as to all persons designated as beneficiaries by Article 2315 of the Civil Code, as amended, having a right or cause of action to recover for death by wrongful act. See Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549; Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381; Williams v. Blodgett Const. Co., 146 La. 841, 84 So. 115, and Labourdette v. Doullut & Williams Shipbuilding Co., 156 La. 412, 100 So. 547.

In Philps v. Guy Drilling Co. an action was brought by the mother of a deceased employee of the defendant for damages sustained by her for the alleged negligent killing of her son and, in the alternative, for compensation under the Employers' Liability Act. On exceptions filed by the defendants, plaintiff's demand in tort was rejected, the court holding that whatever right or remedy she had was governed exclusively by the provisions of the Employers' Liability Act.

In Colorado v. Johnson Iron Works, the widow of an employee of the defendant, who was killed by an explosion while at work, claimed damages for his death resulting from the wrongful act of the defendant under Article 2315 of the Civil Code. An exception was sustained by the trial court, which was later upheld by this court, on the ground that plaintiff's sole remedy was for compensation under the Employers' Liability Act. In that case the plaintiff contended that, although the provisions of section 34 of the act declared that her right and remedy to sue for compensation was exclusive, that section did not have the effect of rescinding or repealing the right granted her by Article 2315 of the Civil Code because there was no contractual relation between her and the employer of her husband. And, in the alternative, the plaintiff maintained that, if the act was construed to have superseded the provisions of Article 2315, then the act was unconstitutional since it deprived her of her right to sue under the Article of the Code without due process of law. The court rejected both of these arguments, stating, as to the first, that: "Said act, by its plain and express terms, does make the remedy which it provides exclusive in a case like the present; it therefore does apply to this case, and does supersede article 2315 of the Code." [146 La. 68, 83 So. 382.]

On the second contention, respecting the deprivation of plaintiff's property without due process of law, the court held that the act could not be so regarded,—"First, because formerly the right to sue for the death of a human being, which is the right plaintiff is seeking to exercise, did not exist in this state, but was given by statute, and, of course, the Legislature may repeal a statute enacted by itself, or supersede it by another statute; second, because the regulation of what recourse one person may have against another for personal injury is a matter entirely within legislative discretion."

Counsel for plaintiff concedes, as he must, the force of the decisions in the Philps and

Colorado cases. However, he seeks to distinguish those authorities from the facts presented in the case at bar. He postulates that, while it may be true that the provisions of the compensation law are exclusive where the deceased person is survived by a dependent who is entitled to compensation under the act, a different result is to be reached in a case like this where the petition shows on its face that the deceased left no dependents at all. In other words, the proposition is that the above-quoted provisions of the Employers' Liability Act cannot be interpreted to mean that plaintiffs' right of action to sue for the alleged negligent death of their deceased brother has been superseded, except in cases where the deceased employee is survived by a mother or father or other person or persons dependent upon him for support, and that, since there are no such dependents in this case, plaintiffs are entitled to the rights and remedies provided by Article 2315, as amended.

This argument is not tenable. In the first place, the provisions of the Employers' Liability Act make it clear that the contract between the employer and employee is not only binding upon the employee and his dependents, but also upon "his personal representatives, * * * relations, or otherwise, * * *."

In addition to this, the case of Williams v. Blodgett Const. Co. afford a complete answer to the proposition. There, plaintiffs, five in number, alleging themselves to be the brothers and sisters of the deceased employee, brought suit in tort to recover for his death, allegedly due to the negligence of his employer. The suit was dismissed on defendant's exception under the authority of section 34 of the Employers' Liability Act, the court holding that the rights and remedies provided in that act were exclusive. While it does not appear from the opinion of this court, an examination of the record in that case shows that the plaintiffs alleged in their petition (just as the plaintiffs have set forth here) that the deceased employee did not leave any dependents entitled to compensation and they predicated their suit on the ground that, since there were no dependents entitled to compensation, their right to maintain an action under Article 2315 had not been superseded by the provisions of the Employers' Liability Act.

Moreover, it strikes us that the plaintiffs' argument in the instant case completely overlooks the underlying purposes which prompted the Legislature to enact a workmen's compensation law. The act, which is social legislation, was passed for the joint benefit of labor and management in order to insure that employees who became disabled as a result of their labors in hazardous industries would have, during the period of their disability, a weekly income for the upkeep of themselves and their families. It was also deemed advisable to provide for compensation, in cases of death, to the persons dependent upon the employee for support so that these persons would not be entirely bereft of funds during the period of time following the employee's death when they, of necessity, were compelled to reconstruct their lives and seek a means of support,—thus avoiding the possibility that these persons would become

public 'charges. In order that this end might be accomplished, the Legislature provided for sacrifices to be made by both the employer and the employee. The employee was required to waive the right granted him under the general law, Article 2315 of the Civil Code, in consideration of receiving a fixed percentage of his wages during the period of his disability. The employer, on the other hand, was deprived of the defenses afforded to him by the general law and he was assured that, in case any of his employees were injured, they would be entitled to no more than the amount stipulated in the statute as compensation during the period of disability. In case of death, the contract imposed by the Legislature provided that the employer would be required only to pay to the dependents of the deceased a certain percentage of the latter's wages for 300 weeks and all rights and remedies granted by other provisions of law, inuring to the benefit of designated persons, were superseded.

Counsel for plaintiffs, nevertheless, maintains in oral argument that it is unfair in a case of this kind that the defendant should not be made to respond in damages (since, under the allegations of the petition, he will not be required to pay compensation) and, in support of his contention that plaintiffs have a right of action under Article 2315 of the Civil Code, he relies heavily upon three cases, namely,—Boyer v. Crescent Paper Box Factory, 143 La. 368, 78 So. 596; Faulkner v. Miller-Fuller Inc., La.App., 154 So. 507, and Clark v. Southern Kraft Corporation, La.App., 200 So. 489.

In the Boyer case, the plaintiff, while employed in the defendant's factory, was severely disfigured about the face and head, when her hair became entangled in machinery. She brought suit for damages under Article 2315 of the Civil Code, pointing out that her injury was not compensable under the Employers' Liability Act (since, at that time, there was no provision in the act for the payment of compensation for facial disfigurement). This court, on rehearing, sustained her contention, holding:

"The Compensation Act did not provide for compensation for the injury suffered by plaintiff, and she is not therefore entitled to compensation under that act. Her right to damages is not attempted to be excluded by the act. The rights and remedies given in the act are declared to be for a 'personal injury for which he (she) is entitled to compensation under this act.'

"The claim of plaintiff not being embraced within the terms of or governed by the Employers' Liability Act was properly made under article 2315, C. C." [143 La. 368, 78 So. 600.]

▮ The cases of Faulkner v. Miller-Fuller, Inc., and Clark v. Southern Kraft Corporation involved the question as to whether employees made ill as a consequence of occupational diseases, contracted during the course of their employment through the alleged negligence of their employers, can maintain an action under Article 2315 of the Civil Code. The Court of Appeal, Second Circuit, has held in the affirmative. The decision in the Clark case, which is the most recent of the two, cites the Boyer case decided by this court as authority for the conclusion reached. The re-

sult in those matters was founded upon the premise that, since it is well established that occupational diseases cannot be considered as "accidents" within the purview of the compensation law, it follows that employees injured in this manner as a result of an employer's negligence, are not deprived of their right of action under Article 2315 of the Civil Code.

The decisions in the Boyer, Faulkner and Clark cases are not in discord with the conclusion we have reached in this matter. The distinction between those cases and this one is obvious. The former are predicated solely on the theory that, since the compensation law does not provide coverage for the particular injuries sustained by the plaintiff and since the contract between the employer and employee covered injuries compensable under the Employers' Liability Act only, the employee did not waive his right to sue under the general law for such injuries. On the other hand, in the instant case, there can be no doubt that the injuries which caused the employee's death were due to an "accident" as defined by the Employers' Liability Act and that, if he had lived, he would have been entitled to receive from the defendant compensation for his injuries, and, if he had been survived by any one dependent upon him for support, that person would be entitled to the benefit of the compensation payable for his death. The mere fact that it so happens that the deceased employee in this case left no dependents cannot have the effect of providing a right of action in the plaintiffs under Article 2315 of the Civil Code, when that right had been super-

seded and abated by the provisions of the Employers' Liability Act.

Plaintiffs' counsel raises two other points in his brief and oral argument, neither of which impress us favorably. The first of these contentions is that, since the employee died within 13 hours of the accident, he was not covered by the provisions of the Employers' Liability Act because section 8 of that law, as amended, provides that no compensation shall be paid for the first week after the injury is received. A short answer to this proposition is that if the employee died as the result of injuries he received in the course of his employment, and was survived by a dependent, as defined by the provisions of the law, this dependent had the right to recover compensation for his death. If it were held otherwise, the dependents of every employee who happened to die within a week from the date of the accident which caused his death, would be deprived of the benefits of the act.

The last contention of counsel is that, since the employee died of injuries consisting of burns and scalds to his entire body, he could not have received compensation, if he had lived, because the act does not provide payment for such injuries and that, therefore, the case does not come within the act. This argument is based upon the erroneous assumption that burns and scalds producing disability are not compensable. Furthermore, the employee died of the injuries he received and compensation would be due under the act to any person coming within the category of a dependent as therein defined.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.

O'NEIL, C. J., and ROGERS, J., absent.