328 So.2d 757 (1976)
Mrs. Brent MILLER
v.
Deputy Warden Lloyd W. HOYLE, Jr., et al.
No. 10619.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
*758 Stanley E. Branton, St. Francisville, for appellant.
Robert C. Funderburk, Jr., and Winston G. DeCuir, Asst. Attys. Gen., Baton Rouge, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Mrs. Brent Miller (Appellant), appeals from summary judgment in favor of the Department of Corrections, State of Louisiana (State), rejecting her action for damages for the death of her husband, Brent Miller (Decedent), a prison guard who was killed by rioting inmates while acting within the scope and during the course of Decedent's stated employment. Appellant's demands were dismissed upon the trial court's finding that Appellant's legal remedies were limited to recovery of workmen's compensation benefits which Appellant was receiving at the time of institution of suit. We affirm.
It is conceded that all defendants except the State have been voluntarily dismissed from this action by Appellant.
Two basic complaints of error are presented. It is argued that the trial court improperly granted the State's motion for summary judgment despite the existence of genuine issues of material fact. Appellant also urges that La.R.S. 23:1034 is unconstitutional in that it violates the equal protection and due process clauses of state and federal constitutions by denying state employees the privilege of election to come within the ambit of our Workmen's Compensation Law, which option is available to employees of non governmental employers covered by the pertinent statute.
La.CCP. Article 966 provides that motions for summary judgment shall be determined on the pleadings, depositions, answers to interrogatories, admissions on file and affidavits of the parties, if any. Article 966, supra, also provides that a motion for summary judgment shall be granted where the pertinent documents show the lack of a genuine issue of material fact and that mover is entitled to judgment as a matter of law.
It is well settled that a party may not rest merely upon the allegations and denials contained in his pleadings but must establish, by affidavit or other evidence, specific facts showing the existence of a genuine issue of material fact to prevent rendition of summary judgment against him. Thomas v. Otwell, La.App., 234 So.2d 475, White Factors, Inc. v. F & B Supplies, Inc., La.App., 211 So.2d 754.
Appellant's petition recites that her husband was killed during a riot which occurred when Decedent was assisting in the removal of prisoners from a maximum security area of the state penitentiary at Angola, Louisiana. It is expressly alleged that at the time of his death, Decedent was acting "in the course and scope of his duties as a Correctional Officer." Decedent's death is asserted to have resulted from the negligence in numerous respects of the Warden, Deputy Warden, and other prison officials, including failure to provide Decedent with a safe place in which to work. No issue of unconstitutionality is raised in Appellant's petition.
The State's answer denies negligence on the part of all defendants, affirmatively pleads Decedent's alleged contributory negligence, and interposes the defense that Appellant's recovery is limited by law to receipt of Workmen's Compensation Benefits. The State also alleges that Appellant has been paid or is presently receiving all Workmen's Compensation Benefits due *759 Appellant. Interrogatories propounded by the State to Appellant were designed to elicit information regarding whether Appellant received Workmen's Compensation Benefits, the extent and manner of payment thereof and whether any further such benefits are due Appellant. In response, Appellant admitted receipt of such benefits in the sum of $45.00 weekly and claimed entitlement to such benefits for the number of weeks appropriate under the Workmen's Compensation Statute.
On the record as thus constituted, the State moved for summary judgment. Appellant offered no affidavits, documents or other evidence to show facts other than those shown by the pleadings, interrogatories and answers thereto.
La.R.S. 23:1032 and 1034 pertinently provide as follows:
"1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws

The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.
Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."
"1034. Public employees; exclusiveness of remedies

The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or other political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; provided further that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation as provided herein. As amended Acts 1950, No. 412, § 1."
In Gilmore v. State of Louisiana, La.App., 79 So.2d 192, which did not specifically involve constitutionality of La.R.S. 23:1032 and 1034, it was held that said statutes provide that workmen's compensation shall be the exclusive remedy available to a person injured during the course and within the scope of employment by the state or a political subdivision of the state. Pretermitting at this juncture the issue of constitutionality, the cited statutes are controlling and Appellant's remedy must be deemed limited to receipt of Workmen's Compensation Benefits.
Although the alleged unconstitutionality of the pertinent statutes was not expressly plead in writing, it is conceded by counsel for the State that unconstitutionality was orally argued by counsel for Appellant in defense of the State's motion for summary judgment in the trial court. The trial court did not assign written reasons for its judgment.
This case was submitted to us without benefit of oral argument. Appellant's brief, citing La.R.S. 23:1038 and 1039, notes that these sections apply our Workmen's *760 Compensation Act only to private employers engaged in a hazardous business and also allow the employer and employee to elect whether or not the employment shall be governed by the Workmen's Compensation Act. On this premise, Appellant's entire argument on the constitutionality question, with no citation of authority in support thereof, is stated as follows:
"Thus it is apparent from the statute above cited that a public employee is not given the right to elect and/or to terminate workman's compensation coverage since it becomes an obligatory condition of his employment.
The erudite scholar, Wex Malone, stated:
'This difference in the treatment of public and private employers reveals the basic conviction of the draftsmen of the Act that sound policy demands broader coverage than could practically be imposed on private employers at the time the Act was adopted. Hence, the State and its subdivisions were subjected to the act to the fullest extent, while private employers were included only if their business were hazardous, and even then, only if they elected to accept coverage, Page 168, Louisiana Workman's Compensation Law and Practice, Wex Malone, 1950.
It is contended, herein, that the denial of a public employee of his right to elect and/or terminate coverage under the Workman's Compensation Statute renders its application null and void and under the present circumstances, therefore, the deceased correctional officer was not at the time of his death subject to the provisions of the workman's compensation act, and thus, his widow is not relegated to the exclusive remedy of workman's compensation. To otherwise rule would be a denial of the claimant's right to equal protection of the laws and to due process guaranteed under both the Louisiana and Federal Constitutions."
It is well settled in our jurisprudence that an act of the legislature is presumed valid until shown to be unconstitutional. Hebert v. Police Jury of West Baton Rouge Parish, La.App., 200 So.2d 877.
Unconstitutionality of a legislative act must be raised in the trial court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542; State ex. rel. McAvoy v. Louisiana State Board of Medical Examiners, 238 La. 502, 115 So.2d 833.
The presumption of statutory validity is not conclusive but rebuttable; the burden of proof rests upon the party urging invalidity. Hebert v. Police Jury, above.
In this instance the only ground of unconstitutionality urged is that La.R.S. 23:1034 discriminates against state employees by denying said employees the right of election to accept or reject coverage under the Louisiana Workmen's Compensation Law granted to employees of non-state employers. In other words, it is contended the Statute, as applied to state employees, places such employees in an unfavorable classification.
It is well settled that in the areas of economics and social welfare a State does not violate the Equal Protection Clause of the United States Constitution (U.S.Const. Amend. XIV, Section 1), merely because classifications established by its laws are imperfect. If a classification has a reasonable basis, it does not offend the Equal Protection Clause merely because the classification is not made with mathematical nicety or because in practice it results in some inequality. Jefferson v. Hackney, 406 U.S. 535, 92 S.Ct. 1724, 32 L.Ed.2d 285; Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369.
A statutory differentiation will not be set aside as an unconstitutional discrimination if any state of facts may reasonably *761 be conceived to justify its existence.Dandridge v. Williams, above; McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393.
We find herein no invidious discrimination proscribed by decisions of the United States Supreme Court. On the contrary we readily conceive that the state's compulsory workmen's compensation provisions for public employees is rationally designed to further legitimate state interests. By guaranteeing workmen's compensation benefits to its own employees, the state encourages private employers to extend workmen's compensation benefits to private employees, such benefits being generally advantageous to workers by reducing both time and costs involved in a worker's recovery for on-the-job injuries. Further, compulsory workman's compensation provisions for public employees tend to simplify the administration of state agencies, so as to reduce the costs and complexities of state government.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.