369 So.2d 1196 (1979)
Woodrow SHEPARD et ux., Plaintiffs-Appellants,
v.
LOUISIANA POWER & LIGHT CO., INC., et al., Defendants-Appellees.
No. 13820.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1979.
Rehearing Denied May 3, 1979.
*1197 McKeithen, Burns & Wilkins by Paul B. Wilkins, Columbia, La., for plaintiffs-appellants, Woodrow Shepard and Elba Shepard.
Theus, Grisham, David & Leigh by J. Michael Hart, Monroe, for defendant-appellee, Louisiana Power & Light Co., Inc.
Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendant-appellee, Niagara Fire Ins. Co.
Hudson, Potts & Bernstein by William J. Knight, Monroe, for defendant-appellee, Allstate Ins. Co.
Davenport, Files, Kelly & Marsh by Mack J. Marsh, Monroe, and Blanchard Walker, O'Quin & Roberts by William Timothy Allen, III, Shreveport, for defendants-appellees, Bd. of Trustees for State Colleges and Universities.
Benjamin M. Peters, Asst. Atty. Gen., Monroe, for defendants-appellees, John David Crow and James T. Coats.
Hayes, Harkey, Smith & Cascio by Charles S. Smith, Monroe, for defendantappellee, William J. Roszelle.
Snellings, Breard, Sartor, Shafto & Inabnett by Kent Breard, Monroe, for defendant-appellee, State Farm Mut. Auto. Ins. Co.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied May 3, 1979.
MARVIN, Judge.
In this wrongful death action the appeal is from summary judgments rejecting the demands of the surviving parents against the employer and co-employees of their late son. We affirm.
The 18-year-old decedent was a student at Northeast Louisiana University, where he was also employed as one of the student managers of the football team. With other employees he was moving a metal observation tower from one practice field to another when the tower came in contact with an electrical power line causing his death by electrocution on August 30, 1977.
Plaintiffs alleged that their son was not in the scope and course of his employment when the fatal accident occurred. Affidavits in support of the motion for summary judgment clearly establish the contrary. Plaintiffs did not file counter affidavits. Plaintiffs do not contend they were financially dependent upon their late son. If the son had not suffered fatal injury, his demands against his employer and supervisory or co-employees would have been exclusively under the Workmen's Compensation Law. L.R.S. 23:1032, as amended by Act 147 of 1976.[1]
Plaintiffs contend that R.S. 23:1032 makes the workmen's compensation remedy exclusive only to those persons who are entitled to death benefits because they are dependent upon the deceased employee within the meaning of the law. They contend that since their son left no dependents who were eligible for benefits under the Workmen's Compensation Law, the exclusivity of the law should not apply to bar their wrongful death action against the employer and co-employees of their son. They argue that this is especially so in this case because their son was an employee of a public body and that their remedy should not be determined by R.S. 23:1032, but by R.S. 23:1034, which reads in part:

*1198 "The provisions of this chapter shall apply to every person in the service of the state . . . and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this chapter shall be exclusive, compulsory and obligatory . . . " (Emphasis supplied by plaintiffs)
Because there was no payment of compensation here either to the decedent or to them, plaintiffs urge that they should be allowed to pursue their wrongful death action against the public employer and co-employees of their son.
Our eminent authority on the subject, Professor Malone, observes that the law is otherwise:
"Section 34 of the Act [LSA-R.S. 23:1032] provides that the compensation remedy is exclusive of all other rights of the employee's personal representative, his dependents or his relations. Accordingly our courts have held the compensation provided for a dependent member of the family is all that the dependent can recover upon the death of the worker. The objection that the above provisions is a denial of due process of law as against non-consenting third persons has been effectively answered. The right to tort damages for wrongful death did not exist at common law or in Louisiana until it was conferred by statute. Since it is a creature of the legislature, it is subject to legislative repeal.
"Where the tort plaintiff is not entitled to compensation under the terms of the Act (because, for example, dependency cannot be established) yet the same individual would be a proper claimant under Article 2315 of the Civil Code (which makes no mention of dependency), the problem is more difficult. The Louisiana Supreme Court has held that the tort rights of a non-dependent relative are extinguished by the Compensation Act even though there was no dependent relative to claim compensation. This conclusion seems justified under the language of Section 34. Furthermore, the position of the court is in accord with the idea that the Act contemplates a reciprocal yielding by all parties affected in order to make possible the enlarged benefits provided for those whose need is greatest. A holding to the contrary would lead to the anomalous situation in which a nondependent relative would receive a much larger award than one who was dependent and whose claim, therefore, was limited to compensation as provided in the Act." (Footnotes omitted.)
Malone, Louisiana Workmen's Compensation Law and Practice, § 363, pp. 468-469 (1951)
Prior interpretation of the sections of the law pertaining to private and public employees has not produced the distinction or the result argued for by plaintiffs' astute counsel. See Miller v. Hoyle, 328 So.2d 757, 759 (La.App. 1st Cir. 1976), again quoting Malone:
"`This difference in the treatment of public and private employers reveals the basic conviction of the draftsmen of the Act that sound policy demands broader coverage than could practically be imposed on private employers at the time the Act was adopted. Hence, the State and its subdivisions were subjected to the act to the fullest extent, while private employers were included only if their business were hazardous, and even then, only if they elected to accept coverage, Page 168, Louisiana Workman's Compensation Law and Practice, Wex Malone, 1950.'"
Act 583 of 1975 repealed sections 1038 and 1039 relating to election of workmen's compensation coverage by the employee in private employment. Coverage is now mandatory in certain private employment and in all public employment, whether or not the business or the duties of the employee are hazardous. See R.S. 23:1044. Section 1034 in its opening sentence expressly states that the provisions of "this chapter" (the Workmen's Compensation Law) shall apply to those who are employed by the State.
*1199 Plaintiffs' argument has been answered in earlier cases. See Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942); Hawkins v. Employers Casualty Company, 177 So.2d 613 (La.App. 3d Cir. 1965) and Williams v. Bodgett Const. Co., 146 La. 841, 84 So. 115 (1920).
As to their claims against the employer or fellow employees, parents of an employee who suffers a fatal accident while in the course and scope of employment under the Workmen's Compensation Law are relegated exclusively to the Workmen's Compensation Law. They have no claim under the general law such as CC Art. 2315 in the case of wrongful death occurring other than in the course and scope of covered employment. See Hawkins, Atchison, Malone and R.S. 23:1032, supra.
Concepts of equity or socio-economic considerations do not affect the statutory scheme and the legislative intent relating to the rights and obligations imposed by the Workmen's Compensation Law respectively on employees, their relations, and on employers. See Gentry v. Pugh, 362 So.2d 1154 (La.App. 2d Cir. 1978) and cases cited therein. Considering section 1034 with the other provisions of the law and cases interpreting the law, we find no legislative intent to distinguish between public employees and private employees insofar as exclusivity of remedy is concerned.
The decedent was a public employee who was in the course and scope of his employment when he was fatally injured. His parents are relations whose claims against the employer and fellow employees of their son are relegated to the Workmen's Compensation Law, exclusive of remedies which might be available to them in other circumstances.
For excellent reasons assigned below and summarized here, the judgments appealed from are affirmed at appellants' cost.
NOTES
[1] "The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease . . ."