373 So.2d 580 (1979)
Dorothy FLYNN, Plaintiff-Appellant,
v.
George Don DEVORE, Sr., et al., Defendants-Appellees.
No. 6912.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1979.
Rehearing Denied August 15, 1979.
*581 Gravel, Roy & Burnes, Chris J. Roy, Alexandria, for plaintiff-appellant.
Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Gist, Methvin, Hughes & Munsterman, Dorwan G. Vizzier, Stafford, Trimble, Randow & Smith, Larry Stewart, William H. Ledbetter, Alexandria, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and STOKER, JJ.
GUIDRY, Judge.
Plaintiff appeals from summary judgments dismissing her suit for damages for the death of her unmarried major son.
The facts are not disputed. Appellant, Dorothy Flynn, is the widowed mother of the decedent, Danny Flynn, an unmarried major without descendants. Danny was an employee of Devore Seafood Distributors of New Orleans, Inc. (Devore Inc.). On June 8, 1977, during the course and scope of his employment with Devore Inc., Danny was a passenger in a tractor-trailer being driven by George Don Devore, Jr., the president and chief executive officer of Devore Inc., which truck overturned, killing both occupants. Plaintiff filed this suit for damages under LSA-C.C. Article 2315 alleging that she is not a dependent of the deceased within the purview of the Louisiana Workmen's Compensation Act. Named as defendants are George Don Devore, Sr., Administrator for the Estate of George Don Devore, Jr.; Devore Inc.; Trinity Universal Insurance Company (Trinity), the liability insurer of the Devore Inc. truck; Travelers Insurance Company (Travelers), the workmen's compensation insurer of Devore Inc.; and, Western World Insurance Company, Inc. (Western), the premise and products liability insurer of Devore Inc. and George Don Devore, Jr. Following institution of suit all defendants, excepting Western and Travelers, filed a motion for summary judgment seeking dismissal of plaintiff's suit on the ground that plaintiff's exclusive remedy for the death of her son is in workmen's compensation. In this motion Trinity urged a policy exclusion as an alternative ground for dismissal of plaintiff's action. Western filed a motion for summary judgment seeking dismissal of plaintiff's suit setting forth a policy exclusion as the basis thereof. In addition Western sought dismissal of plaintiff's suit by means of an exception of no cause of action urging in support thereof that plaintiff's exclusive remedy was under the workmen's compensation act.[1]
After hearing the trial court maintained both motions for summary judgment and dismissed plaintiff's suit as to all defendants, the motions insofar as Trinity and Western are concerned having been maintained on the basis of certain exclusionary provisions contained in their respective policies of insurance. Plaintiff appealed. Defendants have neither appealed nor answered the appeal of plaintiff.
The issues on appeal are: (1) did the trial court err in granting summary judgment to Trinity and Western predicated on certain exclusionary language in their respective policies? and, (2) did the trial court err in granting summary judgment to all other defendants, excepting Travelers[2], predicated on the exclusive remedy provisions of the workmen's compensation act? (LSA-R.S. 23:1032).
Although able counsel for appellant does not concede the correctness of the trial court's dismissal of plaintiff's suit as *582 against Western, he has not pointed out any error in said judgment. We have reviewed Western's motion together with the policy, affidavits, etc., attached thereto and conclude, as did the trial court, that Western's policy affords no coverage under the circumstances of this case and plaintiff's suit as against this defendant was properly dismissed.
Although the trial judge, in his reasons for judgment, indicated that Trinity's motion for summary judgment was sustained on the basis of a policy exclusion, our ultimate conclusion with respect to the main thrust of plaintiff's appeal renders unnecessary any consideration of Trinity's alternative demand for summary judgment predicated on the exclusionary provisions of its policy.
The main thrust of plaintiff's appeal centers around her contention that the Supreme Court and the appellate courts of this state from 1914 to the present have misinterpreted LSA-R.S. 23:1032 and alternatively, if the courts have correctly interpreted such section, same is unconstitutional as violative of La. Constitution Article 1, Section 22 and of the equal protection and due process provisions of both the federal and state constitutions.
LSA-R.S. 23:1032, as amended by Act No. 147 of 1976, currently provides as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from am an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
Plaintiff argues that since R.C.C. Article 2315 is the fountainhead of an individual's right to recover for injury any legislation abridging such right must be specific. Plaintiff then argues that the quoted statute is ambiguous because it specifically refers to rights of employees and their dependents and does not purport to deal with the rights of non-dependent survivors who would otherwise be entitled to recovery under article 2315.
We discern no ambiguity in the provisions of Section 1032 of the workmen's compensation act. The statute in clear and unmistakable terms makes the rights and remedies granted by the workmen's compensation act to an injured employee or his dependents, the exclusive remedy of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any director, stockholder, etc. As stated in Atchison v. May, 201 La. 1003, 10 So.2d 785, 787:

"The intention of the Legislature is demonstrated by the clear language employed by it in the above-quoted sections of the act and this court has experienced but little difficulty in resolving that a contract of employment to do hazardous work is governed exclusively by the provisions of the compensation law, not only with respect to the right and remedy of *583 the employee himself, but as to all persons designated as beneficiaries by Article 2315 of the Civil Code, as amended, having a right or cause of action to recover for death by wrongful act. See Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549; Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381; Williams v. Blodgett Const. Co., 146 La. 841, 84 So. 115, and Labourdette v. Doullut & Williams Shipbuilding Co., 156 La. 412, 100 So. 547."

In the recent case of Branch v. Aetna Casualty & Surety Company, et al., 370 So.2d 1270 (La.App. 3rd Cir. 1979), we addressed this identical issue and in rejecting a like contention we stated:
"In arguing that the exclusion of other remedies provided by LSA-R.S. 23:1032 should not apply to them, plaintiffs asserted that that provision has been misinterpreted, but they cite no authority for that conclusion. Rather, it seems to be based on their reluctance to attribute to the legislature an intent which they find repugnant. However, the wording of the statute is clear and unambiguous. Its provisions apply to the employee's `relations' as well as his `dependents'."
We find no merit in plaintiff's contention that the prior jurisprudence of this state misinterpreted the exclusive remedy provisions of the Louisiana Workmen's Compensation Act.
Plaintiff next argues that the exclusive remedy provision as it applies to non-dependent relatives is unconstitutional and violative of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 1, 2, 3 and 22 of the Louisiana Constitution of 1974.
At the outset we observe that this identical issue under similar factual circumstances was recently considered and rejected by this court in Branch v. Aetna Casualty & Surety Company et al., supra. Likewise, in Perez v. Continental Casualty Co., et al., 367 So.2d 1284 (La.App. 3rd Cir. 1979), our docket number 6846, writs denied March 23, 1979, we considered and upheld the constitutionality of LSA-R.S. 23:1032, as amended by Act 147 of 1976, finding that section of the act, as amended, not violative of equal protection or due process.
Although this identical issue was met, considered and rejected in Branch and Perez, we deem it necessary to make additional response to the constitutional arguments advanced in this case.
Plaintiff asserts that LSA-R.S. 23:1032 denies her equal protection because it cannot be demonstrated that the classification or discriminatory treatment of non-dependent relatives in R.S. 23:1032 furthers a "compelling governmental interest". Stated another way, plaintiff argues that the constitutional violation occurs as a result of the over inclusive sweep of the exclusive remedy provision since it includes both the dependent relative and the non-dependent relations even though the dependent and non-dependent relatives as a class are not similarly situated with respect to the purposes of the act.
We cannot agree with able counsel for plaintiff that a non-dependent mother's right to recover for the wrongful death of a major son is a "fundamental" right. As stated by Professor Malone in Louisiana Workmen's Compensation Law and Practice, Section 363, pp. 468-469:
"... The right to tort damages for wrongful death did not exist at common law or in Louisiana until it was conferred by statute. Since it is a creature of the legislature, it is subject to legislative repeal."
See also Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381, 382 (La.1919).
Under the equal protection guarantee of the federal and state constitutions, where fundamental rights are involved separate classifications are invalid where it is not demonstrable that a "compelling governmental interest" exists. Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Everett v. Goldman, 359 So.2d 1256 (La.1978). However, where no fundamental right or suspect classification is involved a constitutional attack because of alleged denial of equal protection can be successfully opposed by demonstrating *584 that the legislative classification "reasonably" furthers a valid state or governmental purpose. It is almost too well settled to require citation of authority that the exclusive remedy provision of our compensation law furthers a valid state purpose which in Atchison v. May, supra, is stated to be as follows:
"... The act, which is social legislation, was passed for the joint benefit of labor and management in order to insure that employees who became disabled as a result of their labors in hazardous industries would have, during the period of their disability, a weekly income for the upkeep of themselves and their families. It was also deemed advisable to provide for compensation, in cases of death, to the persons dependent upon the employee for support so that these persons would not be entirely bereft of funds during the period of time following the employee's death when they, of necessity, were compelled to reconstruct their lives and seek a means of support, thus avoiding the possibility that these persons would become public charges. In order that this end might be accomplished, the Legislature provided for sacrifices to be made by both the employer and the employee. The employee was required to waive the right granted him under the general law, Article 2315 of the Civil Code, in consideration of receiving a fixed percentage of his wages during the period of his disability. The employer, on the other hand, was deprived of the defenses afforded to him by the general law and he was assured that, in case any of his employees were injured, they would be entitled to no more than the amount stipulated in the statute as compensation during the period of disability. In case of death, the contract imposed by the Legislature provided that the employer would be required only to pay to the dependents of the deceased a certain percentage of the latter's wages for 300 weeks and all rights and remedies granted by other provisions of law, inuring to the benefit of designated persons, were superseded."
We cannot agree with able counsel for plaintiff that dependent and non-dependent relatives are not similarly situated with respect to the purposes of the workmen's compensation act. Quite to the contrary, the clear and obvious intention of the legislature in adopting LSA-R.S. 23:1032, as amended, was to provide and guarantee complete tort immunity to an employer in exchange for his surrendering all of his traditional defenses and superior resources for litigation, to the end that the employer would assume complete responsibility for all work-related injuries thus assuring economic stability to the injured workman and his dependents.
For the above and foregoing reasons and those set forth in Branch and Perez, supra, we conclude that the inclusion of non-dependent relations within the purview of LSA-R.S. 23:1032 reasonably furthers a valid state purpose and does not violate the constitutional guarantee of equal protection.
Plaintiff also attacks the exclusive remedy provisions of the workmen's compensation act on the ground that it denies her an adequate remedy under Article 1, Section 22 of the Louisiana Constitution of 1974 and deprives her of property without due process of law contrary to the guarantees embodied in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sections 1, 2 and 3 of the Louisiana Constitution.
These contentions have been rejected on several occasions by our highest court. In Colorado v. Johnson Iron Works, supra, the court in rejecting a contention that the exclusive remedy provision of the workmen's compensation act deprived a surviving widow of her property without due process of law stated:
"... As to its depriving plaintiff of property without due process of law, it does nothing of the kind, for two reasons: First, because formerly the right to sue for the death of a human being, which is the right plaintiff is seeking to exercise, did not exist in this state, but was given by statute, and, of course, the Legislature *585 may repeal a statute enacted by itself, or supersede it by another statute; second, because the regulation of what recourse one person may have against another for personal injury is a matter entirely within legislative discretion."

A similar result was reached by the Supreme Court in Atchison v. May, 10 So.2d 785 (La.1942) which was a suit by non-dependent siblings for the work connected death of their brother. In May, the court rejected as untenable a contention that the Colorado case was distinguishable because the plaintiff in Colorado was dependent on the deceased and was entitled to dependency benefits. In Rhinehart v. T. Smith & Son, 14 So.2d 287 (La.App.1943) our Supreme Court upheld the exclusive remedy provision of the Longshoremen's and Harbor Workers' Compensation Act against constitutional attack by non-dependent relations and stated:
"In the lower court, counsel for plaintiffs questioned the constitutionality of the Longshoremen's & Harbor Workers' Compensation Act. The point has been reserved and argued in this court. It is submitted that the act violates the Fifth Amendment of the Constitution of the United States (in that it deprives plaintiffs of their property without due process of law) and also the Tenth Amendment.

These points are without substance. The statute has been declared constitutional by the Supreme Court of the United States. See Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. Plaintiffs had no vested property right under Article 2315 to sue for the death of their brother until his death occurred. The prosecution of this right was permitted, not by the state of Louisiana, but by Congress itself when it provided in the Judicial Code that suitors having a common law remedy in admiralty and maritime cases could assert such remedy in the courts of the state. The source which allowed the assertion of the remedy, i. e., Congress, abrogated it, insofar as this type of case is concerned, by the passage of the Longshoremen's & Harbor Workers' Act."

In Hawkins v. Employers Casualty Company, 177 So.2d 613 (La.App. 3rd Cir. 1965), writ refused 179 So.2d 272 (La.1965), this court in reliance on Colorado, Atchison and Williams v. Blodgett Construction Co., 146 La. 841, 84 So. 115 (La.1920), rejected similar constitutional attacks on LSA-R.S. 23:1032 finding such authorities convincing that no constitutional rights of the plaintiff had been violated. Recently our brethren of the Second Circuit in a yet unreported decision, Shepard v. Louisiana Power & Light Co., Inc., et al., 369 So.2d 1196 (La. App. 2nd Cir. 1979), rejected the tort demands of non-dependent surviving parents against the employer and co-employees of their deceased son finding that the decedent's parents were relations whose claims against the employer and fellow employees are relegated to the workmen's compensation law, exclusive of remedies which might have been available to them under other circumstances.
We find the authorities referred to herein convincing and dispositive of the issues presented. Even were we not convinced as to the correctness of these decisions, we would be hesitant to depart therefrom in light of the admonition of our Supreme Court that a departure from settled jurisprudence should not be undertaken by an intermediate appellate court. Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216 (La.1970).
In an effort to distinguish the earlier cited authorities learned counsel for plaintiff argues that the cited cases are not controlling for the reason that during the era of these decisions the employee was allowed to elect coverage or, if the business was hazardous, then this election was presumed to be made in favor of compensation coverage and now coverage is mandatory in most private employment, the former election provisions (LSA-R.S. 23:1038) having been repealed by Act 583 of 1975. We fail to see how this legislative change would dictate a different result. Although we acknowledge that the Atchison court did, in *586 the course of its opinion, make reference to the "election" concept, a fair reading of this decision reveals that the basis therefor was not the election system but the nature and legislative intent of the workmen's compensation system, i. e., complete tort immunity for the employer in exchange for assumed liability for all work-related injuries, which latter guarantees economic stability to the workman and his dependents. This concept has not changed.
In conclusion we determine that LSA-R.S. 23:1032 is constitutionally sound and that pursuant to the provisions thereof plaintiff's exclusive remedy for the death of her son is under the Louisiana Workmen's Compensation Act.
Considering our conclusion as above set forth it is unnecessary that we consider appellant's contention that the trial court erred in granting summary judgment to Trinity predicated on certain exclusionary language in its policy, as the Section 1032 defense is available not only to the employer and its executive officers but as well to their insurer. Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La. App. 1st Cir. 1978) writs denied, 362 So.2d 578 (La.1978).
For the above and foregoing reasons the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] The trial court did not consider Western's exception of no cause of action as plaintiff's suit against this insurer was dismissed on its previously filed motion for summary judgment.
[2] Travelers, defendants' workmen's compensation insurer, is not a party to any of the motions at issue.