379 So.2d 1150 (1980)
Susan E. BRAXTON, as Provisional Tutrix of the minor children, Brandy Elizabeth Braxton and Floyd Eugene Braxton, II, Plaintiff-Appellant,
v.
GEORGIA-PACIFIC CORPORATION et al., Defendants-Appellees.
No. 14016.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1980.
Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Alex F. Smith, Jr., Shreveport, for defendant-appellee, Walter Kidd Company, Inc.
Wilkinson, Carmody & Peatross by Arthur R. Carmody, Jr., Shreveport, for defendant-appellee, Southwestern Electric Power Co.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr. and J. D. Collinsworth, Shreveport, for defendants-appellees, Georgia-Pacific Corporation, Stovall Farmer, Larry Mann, Pete Ware, Bill Comapser, and Preston Wren.
Before HALL, MARVIN and JONES, JJ.
MARVIN, Judge.
Through their tutrix, the surviving minor children of a decedent who was fatally injured during the course and scope of his employment appeal a judgment dismissing, on an exception of no cause of action, their *1151 demands for decedent's wrongful death under CC 2315 against the decedent's corporate employer and supervisory and fellow employees.
The lower court sustained the exception on the exclusiveness of the rights and remedies granted by the workmen's compensation law, LRS 23:1032, which provides in part:
"The rights and remedies herein granted to an employee or his dependent on account of an injury ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury ..."
The tutrix bases her contention of error on the premise that because of the alleged wrongful death of their father, the children have individually and directly sustained damage which is not compensable under the workmen's compensation law and to which the exclusivity of 23:1032 does not apply.[1]
The tutrix argues that § 1032 bars only the employee's action which survives on his death, and not the wrongful death action because 1032 expressly states that the rights and remedies which are made exclusive by § 1032 are only the workmen's compensation rights and remedies "... on account of an injury ... for which he [meaning the employee, the tutrix says] is entitled to compensation . . ."
The tutrix states that it is incumbent that we reconcile CC 2315 with LRS 23:1032, preferably in accord with her analysis, and reverse the result below.
This argument is not unique. The two statutes have been reconciled in several cases and § 1032 has not been interpreted as narrowly as the tutrix would urge, but fairly and in keeping with its spirit and patent intent as regards the whole fabric of the law in this area of rights and liabilities in death actions.
Collateral heirs not dependent upon the decedent, who was fatally injured during the course and scope of his employment, have no individual cause of action for wrongful death under CC 2315 against the decedent's employer. Atchinson v. May, 201 La. 1003, 10 So.2d 785 (1942).
Parents, even though not dependent upon their deceased son and not entitled to workmen's compensation death benefits, were held not to be entitled to recover under CC 2315 against the supervisory or fellow employees of their son who was fatally injured during the course and scope of his employment. Shepard v. Louisiana Power & Light Co., Inc., 369 So.2d 1196 (La.App. 2d Cir. 1979), writ refused; Flynn v. Devore, 373 So.2d 580 (La.App. 3d Cir. 1979).
Thus even though the injury is not compensable under the workmen's compensation statute, (where relations who are designated under CC 2315 are not dependent upon the decedent), the exclusivity bar of 23:1032 still applies to a wrongful death claim against either the employer (Atchinson, 1942) or, since the 1976 amendment to 23:1032, the supervisory or fellow employees of the decedent (Shepard, 1979).
To paraphrase Atchinson, the intent of the Legislature is clear in circumstances where an employee suffers an injury or fatal injury during the course and scope of his employment, that the remedy of the employee or of his relations under CC Art. 2315, is governed exclusively by the workmen's compensation law, whether the claim is asserted by the employee or by his relations and whether the claim is asserted against the employer or against the decedent's supervisory or fellow employees. See 10 So.2d at p. 787.

*1152 "Section 34 of the Act [LSA-R.S. 23:1032] provides that the compensation remedy is exclusive of all other rights of the employee's personal representative, his dependents or his relations. Accordingly our courts have held the compensation provided for a dependent member of the family is all that the dependent can recover upon the death of the worker. The objection that the above provision is a denial of due process of law as against non-consenting third persons has been effectively answered. The right to tort damages for wrongful death did not exist at common law or in Louisiana until it was conferred by statute. Since it is a creature of the legislature, it is subject to legislative repeal.
"Where the tort plaintiff is not entitled to compensation under the terms of the Act (because, for example, dependency cannot be established) yet the same individual would be a proper claimant under Article 2315 of the Civil Code (which makes no mention of dependency), the problem is more difficult. The Louisiana Supreme Court has held that the tort rights of a non-dependent relative are extinguished by the Compensation Act even though there was no dependent relative to claim compensation. This conclusion seems justified under the language of Section 34. Furthermore, the position of the court is in accord with the idea that the Act contemplates as a reciprocal yielding by all parties affected in order to make possible the enlarged benefits provided for those whose need is greatest. A holding to the contrary would lead to the anomalous situation in which a nondependent relative would receive a much larger award than one who was dependent and whose claim, therefore, was limited to compensation as provided in the Act." Malone, Louisiana Workmen's Compensation Law and Practice, § 363, pp. 468-469. Footnotes omitted.
What the Legislature has granted, it can take away in whole or in part.
When § 1032 in its entirety is read with the other sections of the workmen's compensation law and in light of its well documented policy, the pronoun he cannot simply refer to the employee, but to the employee or his dependent. See CC Art. 18; Johnson v. Sewerage District No. 2 of Parish of Caddo, 239 La. 840, 120 So.2d 262 (1960).
"The rights and remedies herein granted to an employee or his dependent on account of an injury ... for which he [an employee or his dependent] is entitled to compensation ... shall be exclusive of all other rights and remedies of such employee, his ... dependents, or relations against his employer, or... employee of such employer for said injury ..." Emphasis added.
If the argument of the tutrix is accepted, some designated relations not dependent upon the decedent-employee would not be barred from asserting a wrongful death claim even against the employer. Such a result was not and is not what the Legislature intended by the workmen's compensation law.
With respect to the employment relationships governed by the workmen's compensation law, the Legislature, by the 1976 amendment to § 1032, intended to take away any claim for damages under CC 2315 by the employee's designated relations against the supervisory and fellow employees of the employee even though the damages are individually sustained by the designated relations and not the decedent employee. See Flynn at p. 584.
Judgment below, at the cost of appellant, is AFFIRMED.
NOTES
[1] Cases have recognized that recovery may be had for the damages suffered by the decedent himself before death (the survival of his action) as well as for the damages certain designated relations individually and directly suffer as a result of the death (the wrongful death action). See Guidry v. Theriot, 377 So.2d 319 (La.1979); Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1976); King v. Cancienne, 316 So.2d 366 (La. 1975); Whittington v. Hopfensitz, 321 So.2d 836 (La.App. 1st Cir. 1975); Moore v. Kinney, 315 So.2d 340 (La.App. 3d Cir. 1975).