MARVIN, Judge.
In this action arising out of a collision between two city fire trucks in which a fireman passenger sustained personal injury, the plaintiff fireman appeals a summary judgment dismissing his demands for damages against the City’s liability insurer. We affirm. CCP 966, 967. Emp. Surplus Line Ins. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Bazley v. Tortorich (La.1981).
Plaintiff contends that the exclusivity bar of the Workers’ Compensation Law, LRS 23:1032, is a personal defense to the employer and fellow employees of plaintiff and is not available to the defendant insurer and that uninsured motorist coverage should be statutorily afforded plaintiff under LRS 22:1406 because the record does not show that the City validly rejected UM coverage for the policy period in question.
In Braxton v. Georgia-Pacific Corp., 379 So.2d 1150 (La.App.2d Cir. 1980), upholding the exclusivity bar of § 1032, we observed, “. . . the intent of the Legislature is clear in circumstances where an employee suffers an injury .. . during the course and scope of his employment, that the remedy of the employee ... is governed exclusively by the workers’ compensation law, whether the claim is asserted against the employer or against . . . supervisory or fellow em *29 ployees.” See also Johnson v. Chicago Mill & Lumber Co., 385 So.2d 878 (La.App.2d Cir. 1980). There the claimants in a workers’ compensation action, on the day of the hearing of a motion for summary judgment, filed an amended petition alleging that the acts of the employer earlier alleged to have been negligent or willful acts, were intentional acts. We noticed plaintiffs’ failure to state even an amended cause of action (CCP 927) and affirmed the summary judgment dismissing plaintiffs’ demands. We follow Braxton and Johnson and the cases cited therein, and hold that plaintiff’s remedy is exclusively under the workers’ compensation law and not in tort even as against the liability insurer of an employer or of an employee. To hold otherwise would circumvent the clear and express policy of § 1032. See Bazley, supra.
Were this injury to plaintiff not governed by the workers’ compensation law, the insurance policy in question would provide liability coverage. Where the injury is covered by workers’ compensation insurance, this liability policy expressly excludes the liability coverage. Even should we construe this circumstance in a light most favorable to claimant and permit circumvention of LRS 23:1032, we do not find that UM coverage is available to claimant because this record does show that the defendant City expressly rejected UM coverage in the policy previously issued to the City by the same insurer. LRS 22:1406(D). The initial policy period was January 1, 1974, to January 1, 1977. When this policy was renewed for the period January 1,1977, to January 1, 1978, it was not necessary that the City again reject UM coverage. The statute expressly provides that the initial rejection is effective as to the renewal policy.
“[UM] coverage need not be provided in ... a renewal . . . policy where the named insured has rejected the coverage ... in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured .. . which initially rejects such coverage .. . shall be conclusively presumed to become a part of the policy . .. irrespective of whether physically attached thereto.” LRS 22:1406(D)(l)(a).
See also Turner v. Allstate Ins. Co., 368 So.2d 797 (La.App.2d Cir. 1979). Neither the statute nor the policy afforded UM coverage to plaintiff.
For reasons assigned by the lower court and here, and at appellant’s cost, the summary judgment is
AFFIRMED.