CHATELAIN, Judge,
concurring for additional reasons.
hi fully agree with the majority opinion, but choose to comment on the long delays this one case exposes in adjudication through the Louisiana Office of Workers’ Compensation Administration.
Workers’ Compensation is fundamentally “social legislation through which ‘employees and employers surrender certain advantages in exchange for others which are more valuable to both parties and society.’” Melancon v. Lafayette Ins. Co., 05762, p. 9 (La.App. 3 Cir. 3/29/06), 926 So.2d 693, 702, writs denied, 06-974, 061006 (La. 6/16/06), 929 So.2d 129 (citing Deshotel v. Guichard Operating Co., Inc., 03-3511, p. 7 (La. 12/20/04), 916 So.2d 72, 77). Elaborating upon this concept, our supreme court stated in Atchison v. May, 201 La. 1003, 10 So.2d 785, 788 (1942):
The act, which is social legislation, was passed for the joint benefit of labor and management in order to insure that employees who have become disabled as a result of their labors in hazardous industries would have, during the period of their disability, a weekly income for the upkeep of themselves and their families. It was also deemed advisable to provide for compensation, in cases of jdeath, to the persons dependent upon the employee for support so that these persons would not be entirely bereft of funds during the period of time following the employee’s death when they, of necessity, were compelled to reconstruct then-lives and seek a means of support, — thus avoiding the possibility that these persons would become public charges.
|aEarly on, it was observed that a conspicuous disadvantage of the court-administered system for addressing the compensation for worker injuries was the delay inherent in securing reparation through court action. H. Alston Johnston III, 13 Louisiana Civil Law Treatise, Workers’ Compensation Law and Practice § 37(5th ed. 2016). “This is particularly serious when it is recalled that one of the principal blessings desired from the compensation scheme is the assurance of a small but prompt payment made when it is most needed.” Id. Indeed, this was one of the impetuses in 1990 for Louisiana to shift adjudicatory functions in the workers’ compensation arena from our district courts to “ádministrative hearing officers, who later evolved into workers’ compensation judges[.]” Id.
At the heart of the present case is Ms. Cobbs’s amended motion dated December 14, 2012, seeking payment of $4,999 for various bills for medical services. Although a hearing was held on June 28, 2013, the OWC did not grant Ms. Cobbs’s motions until April 23, 2015, approximately two- and-one-third years after filing. Thereafter, LPSB timely filed its motion for a new trial on May 4, 2015. Even though a hearing was held on June 9, 2015, the OWC did not render judgment until June 8, 2016. Thus, between the time of filing her motion and the adjudication of LPSB’s motion *830 for new trial, approximately three-and-one-half years passed.
Although our decision today only partially favors Ms. Cobbs, it gives me pause that the adjudication of this one aspect of the litigation, one that has adverse economic repercussions for Ms. Cobbs, has taken so long to resolve. As William E. Gladstone said over a century ago, “Justice delayed is justice denied.”