CHIASSON, Judge.
Isiah Lang brought suit for damages against Desmond Roddy, Dairyland Insurance Company, and Thomas H. Brown. On March 2, 1977, Thomas H. Brown was driving a pickup truck, owned by Desmond Rod-dy and insured by Dairyland Insurance Company, when he struck an automobile owned by Isiah Lang. Defendants-appel-lees, Desmond Roddy and Dairyland Insurance Company, after answering the suit, filed a motion for summary judgment. The trial court granted the motion for summary judgment and dismissed Isiah Lang’s claim against these defendants. From this judgment Isiah Lang has taken this appeal.
 We must determine whether summary judgment was appropriate in this case. La.C.C.P. art. 966 provides for a summary judgment when no genuine issue exists as to a material fact and the moving party is entitled to judgment as a matter of law. The burden is on the mover to show that there is no dispute regarding facts material to the suit. And since the motion for summary judgment is not a substitute for a trial on the merits, any doubt as to the existence of a material factual issue is to be resolved against the granting of a summary judgment and in favor of a trial on the merits. Wilkinson v. Husser, 154 So.2d 490 (La.App. 1st Cir. 1963), writ refused, 245 La. 60, 156 So.2d 603. Parker v. South Louisiana Contractors, Inc., 340 So.2d 322 (La.App. 1st Cir. 1976).
In the instant case the motion for summary judgment was filed with supporting affidavits. Desmond Roddy and Dairyland Insurance Company argued in their motion that because Thomas H. Brown operated the pickup truck without the permission of either Desmond Roddy or his daughter and permittee, Tammy Roddy, that Brown was not an insured under the policy issued by Dairyland to Desmond Roddy.
The policy specifies the following as an insured under the policy:
4A.(l)(b)(ii) *205 “any other person while using such automobile with the permission of the individual named insured, provided his actual operation (or, if he is not operating, his other actual use) thereof is within the scope of such permission, and”
Under this provision of the policy appellees argue that in order for Thomas R. Brown to be covered, he must have had either Desmond Roddy’s permission or Tammy Rod-dy’s permission to use the pickup truck. Appellees conclude that, without permission, Thomas H. Brown would not come within the coverage of the policy and therefore Desmond Roddy and his insurer Dairy-land Insurance Company would not be liable.
The affidavits submitted by the appellees attempt to negate any connection between them and the accident, but the affidavits do not address all of the facts and issues that are involved in the lawsuit. The record reveals that on March 2, 1977, Tammy Rod-dy, Desmond Roddy’s daughter, had her father’s permission to use his pickup truck to go to Earl K. Long Charity Hospital in Baton Rouge and that she was accompanied by Thomas H. Brown. The appellees’ affidavits reveal at most that no express permission was given to Thomas H. Brown by either Desmond Roddy or Tammy Roddy.
We have reviewed the record and find insufficient facts to support a conclusion that a summary judgment is appropriate in this instance. We find the following facts in dispute: whether Thomas H. Brown had the implied permission of either the owner of the truck, Desmond Roddy, or Tammy Roddy to use the truck; how Thomas H. Brown obtained possession of the truck; and whether Tammy Roddy and/or her daughter, Joan P. Roddy, were/was in the truck with Thomas H. Brown when the accident occurred. We find that the movers have filed to carry their burden of showing that there is no genuine issue as to a material fact and that movers are entitled to judgment as a matter of law.
For the foregoing reasons, we reverse the trial court’s judgment and remand the case for further proceedings not inconsistent with the views expressed herein.
The defendants-appellees are cast for all costs of this appeal; all other costs are to await the final determination of the action.
Having found that movers, Desmond Roddy and Dairyland Insurance Company, have failed to meet their burden of proof for obtaining a summary judgment, we pre-termit any other questions raised by this appeal.
REVERSED AND REMANDED.