369 So.2d 1161 (1979)
Marguerite TOBIN, Plaintiff-Appellant,
v.
Donald JACOBSON et al., Defendants-Appellees.
No. 12507.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
Floyd J. Falcon, Jr., Alex W. Wall, Dodd, Barker, Avant, Wall & Thomas, Baton Rouge, for plaintiff-appellant.
M. O'Neal Walsh, Franklin, Moore & Walsh, Baton Rouge, Paul B. Deal, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-appellees.
*1162 Before ELLIS, LOTTINGER and BAILES, JJ.
BAILES, Judge.
Appellant's husband, Walter A. Tobin, died on December 20, 1976, as a result of injuries received in an industrial accident on December 7, 1976. The decedent was employed by H. E. Wiese, Inc., as a pipefitter-welder in the construction of an industrial plant in Ascension Parish. On the day of the accident decedent was about his work on an elevated deck between the third and fourth floors when he fell through a 30 inch unbarricaded opening to the third floor about 26 feet below.
The defendant-appellees, Donald Jacobson and Herman Thompson[1] were employed by H. E. Wiese, Inc., as job superintendent and safety superintendent respectively on the job where decedent was fatally injured.
In this action, plaintiff seeks to recover damages both to decedent and herself arising from the death of her husband. Her action is based on the alleged fault and negligence of the defendants in their failure to provide: a safe place to work; adequate warnings; proper hand rails; proper coverings for the dangerous holes; proper equipment; and further, the defendants failed to prescribe safe work procedures and that the defendants owed to decedent a duty to provide the above safeguards and that such duty was disregarded. Additionally, plaintiff alleges that the gross negligence of the defendants as set forth above constituted intentional acts within the scope and meaning of LSA-R.S. 23:1032.
Anticipating that LSA-R.S. 23:1032, as amended by Act 147 of 1976, would be urged as a bar to her recovery, plaintiff alleges that LSA-R.S. 23:1032 is unconstitutional and null and void for the reasons that it is violative of Article I, Sections 2, 3 and 22 of the La. Constitution of 1974 in that it denies to her due process of law and the equal protection of the laws and denies to her access to the courts and an adequate remedy for the injuries and for the death of her husband, and further, that it violates the 14th amendment to the federal constitution in that it denies to her due process of law and the equal protection of the laws.
Defendant-appellees' response to plaintiff's petition was an exception of no cause of action urged on the ground that LSA-R.S. 23:1032 denies plaintiff a cause of action against them.
The trial court sustained the exception of no cause of action and dismissed plaintiff's suit at her costs. It is from this judgment that plaintiff appeals.
The issues raised by appellant are the constitutionality of LSA-R.S. 23:1032; whether the petition states a cause of action; and whether the alleged fault and negligence of the defendants is to be interpreted as an "intentional act" within the context of LSA-R.S. 23:1032.
The constitutional due process challenge to the exclusivity of the workmen's compensation law was put at rest in the early case of Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (La.1919) wherein the Louisiana Supreme Court held that the regulation of causes of action for personal injuries was a legitimate function of the legislature and that it was constitutionally permissible for the legislature to limit one's right of recovery to the provisions of the Workmen's Compensation Act. Also see Day v. Louisiana Central Lumber Co., 144 La. 820, 81 So. 328 (1919).
The plaintiff had no vested property right under LSA-C.C. Article 2315 or LSA-R.S. 23:1032, as amended, and this was the law at the time of decedent's injury and death. Any action for the recovery of damages for tortious injury is statutory, consequently it can be changed from time to time as the legislature mandates.
The plaintiff relies on the case of Foster v. Hampton, 352 So.2d 197 (La.1977), to *1163 support her attack on the constitutionality of Section 1032. Therein the court stated on page 202:
"Foster makes further constitutional attacks upon R.S. 33:1433. He contends his rights to due process and equal protection, under Art. 1, §§ 2, 3 and 22 of the Louisiana Constitution of 1974, have been violated in being denied recovery against the sheriff. These sections read as follows:
§ 2. `No person shall be deprived of life, liberty, or property, except by due process of law.'
§ 3. `No person shall be denied the equal protection of the laws * * *.'
§ 22. `All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to his person, property, reputation, or other rights.'
"Foster is correct in his allegation that the right to recover damages for injury is a property right which cannot be denied without due process of law. Angle v. Chicago, St. Paul, Minneapolis and Omaha Railway Co., 151 U.S. 1, 14 S.Ct. 240, 38 L.Ed. 55 (1893). But there has been no denial of due process or access to the courts here. Foster has a remedy against the deputy sheriff and may further be able to recover against the State, the proper party to sue as `employer' of Hampton in this instance."
Further, the court in Foster makes this observation on the issue of equal protection, namely:
"Regarding his equal protection claim, so long as the law applies to all persons in the same circumstances and conditions in a like fashion, the requirements of equal protection are met * * *."
Plaintiff argues that she has no forum in which she may prosecute her right to claim damages of these defendants. This is true for the reason that, short of an intentional injury, the legislature has proscribed such an action.
In the recent case of Burmaster, et al. v. Gravity Drainage District No. 2 of the Parish of St. Charles, et al., 366 So.2d 1381, the supreme court said:
"Where an injury has occurred for which the injured party has a cause of action, such cause of action is a vested property right which is protected by the guarantee of due process. See Gibbes v. Zimmerman, 290 U.S. 326, 332, 54 S.Ct. 140, 78 L.Ed. 342 (1933); Pritchard v. Norton, 106 U.S. 124, 132, 1 S.Ct. 102, 27 L.Ed. 104 (1882). However, where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives. See Silver v. Silver, 280 U.S. 117, 122, 50 S.Ct. 57, 74 L.Ed. 221 (1929). Our jurisprudence has recognized the validity of legislative regulation of causes of action, including replacement and even abolition, that one person may have against another for personal injuries. See Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971); Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (1919); see also Heirs of Fruge v. Blood Services, 506 F.2d 841 (5th Cir. 1975).
Passing now to a consideration of the alleged intentional act of injury, we find that the alleged fault and negligence of the defendants cannot be equated to an intentional act for the reason that, under the pleadings herein, there is no basis for concluding that the defendants desired to achieve the fatal accident or that decedent's fall through the unbarricaded and unguarded hole was substantially certain to follow their alleged omissions.
In Guidry v. Aetna Casualty & Surety Co., 359 So.2d 637 (La.App. 1 Cir. 1978) this court had the opportunity to consider an alleged intentional act, and therein it was stated:
"To constitute the requisite intent to result in civil liability, the defendant must have entertained a desire to bring about the result which followed and he *1164 should have believed that the result was substantially certain to follow. * * *. Although the statute does not affect an employer's tort liability for his intentional acts, plaintiff's petition fails to state a cause of action for the reason that it does not allege that the acts of Charles Dickey were done with the requisite intent to cause injury to plaintiff."
If the facts as understood and known to the plaintiff will support the necessary allegations of fact to meet the requisites for holding the act intentional the plaintiff should have been given the opportunity to amend her petition to so allege. However, this opportunity was denied plaintiff by the trial court for the exception of no cause of action was sustained and the action dismissed.
C.C.P. Article 934 provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."
Accordingly, for the foregoing reasons the judgment of the trial court sustaining the exception of no cause of action to the plaintiff's petition is affirmed, however, inasmuch as under C.C.P. Article 934 the trial court should have fixed a delay within which the plaintiff could have amended her petition to state a cause of action as to the alleged intentional act of injury, this action is remanded to the trial court for compliance with C.C.P. Article 934.
AFFIRMED IN PART AND REMANDED.
NOTES
[1] Another named defendant, Gary Moody, allegedly employed as engineering superintendent by Pullman Kellogg Company at the same job site was not cited and he is not a party to this appeal.