386 So.2d 658 (1980)
Barry L. NETTLES
v.
Earl E. BOWLIN et al.
No. 13122.
Court of Appeal of Louisiana, First Circuit.
February 25, 1980.
Rehearing Denied May 5, 1980.
*659 John Degravelles, Baton Rouge, of counsel, for plaintiff-appellant, Barry L. Nettles.
W. Luther Wilson, Baton Rouge, of counsel, for defendants-appellees, Earl E. Bowlin, Gordon E. Minor and Fred Eubanks.
Cyrus S. Baldwin, Jr., Baton Rouge, of counsel, for defendant, intervenor & third party defendant-appellee, Gulf States Utilities.
Arthur H. Andrews, Baton Rouge, of counsel, for defendant-appellee, Dr. Richard M. Hill.
Claude F. Reynaud, Jr., Baton Rouge, of counsel, for defendant & third party plaintiff-appellee, South Central Bell Tel. Co.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is a devolutive appeal by plaintiff-appellant, Barry L. Nettles, from three separate judgments granting summary judgments in favor of defendants-appellees, South Central Bell Telephone Company, Gulf States Utilities Company (GSU), Earl E. Bowlin, Gordon D. Minor, and Fred Eubanks, dismissing the plaintiff's suit at his costs. We affirm in part, reverse in part and remand.
The incident giving rise to the present litigation occurred on August 15, 1977, when Barry L. Nettles, in the course and scope of his employment as an apprentice *660 lineman for Gulf States Utilities, was severely injured when a utility pole, which he had climbed, broke, causing him and the pole to fall to the ground. The utility pole was subsequently found to be rotten at its base. As a result of the injury, Nettles underwent numerous surgical procedures, and ultimately had to have his left leg amputated, for which he is now receiving workmen's compensation.
The utility pole in question was owned by Gulf States Utilities and was a "joint use" pole under a written "joint use" contract between the telephone company and the electric company, but was not in actual full use by the telephone company because it uses only underground cables in this area of the city. It had made limited use of the pole in order to connect phone service to the construction company shack at the construction site several months prior to the accident in question.
Gordon Minor was the line foreman in charge of the crew in which Nettles worked. They had done some work during the week immediately preceding the date of the accident. However, after working on Friday the 12th of August, Minor was away from the job on Monday and his place was taken by Earl Bowlin, a utility foreman. Fred Eubanks was the general line foreman over Bowlin and Minor.
The GSU crew with which Nettles was working was removing electrical lines from the subject pole to a new utility pole a short distance away in order to accommodate the construction of a driveway to a parking lot for a new shopping center.
The subject pole was one of a series of GSU's poles supporting only that company's electrical cables which ran parallel to the roadway. The aerial cables on the subject pole were to be moved to the new pole. All of the cables, save one, had been moved the previous week by the same crew (including Nettles) that was performing the work when the accident occurred. The subject pole had been climbed the previous week by linemen other than Nettles, who at that time was not qualified to climb a pole having energized cables attached. At the time Nettles did climb the pole (on the day of the accident) there was no energized cable on it. The pole was not tested before Nettles climbed it, the workmen apparently assuming that since the pole had been climbed by experienced linemen the week before, it was in a climbable condition. It proved not to be.
Bowlin, Minor and Eubanks were sued as executive employees or officers who caused or contributed to the accident through their individual or combined negligence. These individual defendants moved for summary judgment on the basis that LSA-R.S. 23:1032, as amended by Act 147 of 1976, prevents suits by an employee against co-employees or officers of the employer.
The telephone company was sued on two theories: First, that it was negligent in failing to properly inspect and maintain the subject pole; second, that it was strictly liable pursuant to LSA-C.C. art. 2317 in light of its "garde" of the pole. South Central Bell moved for summary judgment on the ground that, as a matter of law, it did not have "garde" of the pole and was not negligent in any manner since it had no duty to inspect or maintain the pole.
GSU was sued also on the theories of negligence and strict liability, and in addition, that it contractually waived its right to be sued only in workmen's compensation. The employer moved for summary judgment based on LSA-R.S. 23:1032, which makes workmen's compensation the exclusive remedy of an employee against his employer for injuries sustained in the course and scope of his employment.
In three separate judgments the District Court granted the motions for summary judgment, and Nettles has devolutively appealed all judgments.
We reverse the judgments in favor of Gulf States Utilities and in favor of South Central Bell, because those demands are not in a proper posture for summary disposition. There are genuine issues of material facts yet to be resolved. See LSA-C.C.P. arts. 966, 967. The established law is to the effect that a summary judgment may be *661 granted only when there is no genuine issue of a material fact and the mover is entitled to judgment as a matter of law. It can not be used as a substitute for trial. The burden of proof is on the mover and any doubt must be resolved in favor of the opposing party. Lang v. Dairyland Insurance Company, 368 So.2d 203 (La.App. 1 Cir. 1979); Batson Lumber Co., Inc. v. Yates, 319 So.2d 853 (La.App. 1 Cir. 1975).
The allegations of negligence, together with the evidence from depositions in the record, raise a factual question of South Central Bell's negligence vel non which is more properly addressed to the trier of fact on the merits rather than by way of summary action. There is also a genuine issue of material fact concerning the question of the telephone company's "garde" of the subject pole which broke and fell, injuring the plaintiff. Further, a question exists as to the company's duty if it had knowledge of the condition of the pole. There is no evidence in the record concerning how the parties to the "joint use" contract interpreted or executed said contract. We think the plaintiff should be allowed an opportunity to prove South Central Bell's liability, if any.
There is also a genuine issue of material fact concerning whether or not GSU voluntarily agreed by contract to pay employees, such as Nettles, damages in addition to workmen's compensation benefits, thereby waiving the exclusivity of the workmen's compensation law. Without, at this time, interpreting the "joint use" agreement, a reading of such contract raises certain questions concerning the intent of the parties as to their respective liabilities in case one party's employees are injured through the negligence of the other party. Such intent should properly be addressed to the merits. Seldom is summary judgment appropriate where there is a question of what was intended by certain language in a contract. Hall v. Management Recruiters of New Orleans, Inc., 332 So.2d 509 (La.App. 4 Cir. 1976). This is not an appropriate case for summary judgment in favor of the employer.
We affirm the judgment in favor of the three individual defendants, Bowlin, Minor and Eubanks. There is no dispute that these men were executive officers or supervisory employees of the employer who were charged in the petition with conduct generally within the course and scope of their employment. Suits against such individuals are the very actions which LSA-R.S. 23:1032, as amended by Act 147 of 1976, was designed to eliminate. Appellant's arguments attacking the constitutionality of the statutory provisions have already been decided adversely to the appellant. Flynn v. Devore, 373 So.2d 580 (La.App. 3 Cir. 1979); Tobin v. Jacobson, 369 So.2d 1161 (La.App. 1 Cir. 1979); Perez v. Continental Casualty Company, 367 So.2d 1284 (La.App. 3 Cir. 1979), writ denied, 369 So.2d 157 (1979); Guidry v. Aetna Casualty and Surety Company, 359 So.2d 637 (La.App. 1 Cir. 1978). We accept the rationale of the cited decisions and find the statute to be constitutional. We find no merit in appellant's contention that by merely alleging "intentional injury," he has avoided the mandatory effect of the statutory provision. See Johnson v. Narcisse, 373 So.2d 207 (La.App. 4 Cir. 1979); Guidry v. Aetna Casualty and Surety Company, supra. The record reflects that this was not an "intentional tort." There is nothing to indicate that any defendant entertained a desire to bring about the result obtained, or could possibly have believed that the result was substantially certain to follow from anything they did or did not do. No serious argument can be made that anyone connected with this work or accident had any active desire that the accident with resulting injuries should happen. See Tobin v. Jacobson, supra.
For the foregoing reasons, the judgments in favor of Gulf States Utilities and South Central Bell are reversed, and the case is remanded for further proceedings in accordance with law; the judgment in favor of the three individual defendants, Bowlin, Minor and Eubanks, granting their motion for summary judgment and dismissing Nettles' claim against them is affirmed. Costs of this appeal are assessed equally against *662 appellees, Gulf States Utilities and South Central Bell; all other costs are to await final disposition.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.