443 So.2d 662 (1983)
Louella LEMAIRE, et al.
v.
YOUNGER TRANSPORTATION, INC. OF TEXAS, et al.
No. 82 CA 1088.
Court of Appeal of Louisiana, First Circuit.
November 10, 1983.
Christopher Zaunbrecher, Zaunbrecher & Foreman, Ltd., Rayne, for plaintiffs.
James L. Donovan, Donovan & Lawler, Metairie, for Younger Transp. of Texas and Vernon Parks.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge.
This is an action for wrongful death or, in the alternative, workmen's compensation death benefits as a result of the death of Fred Joseph Lemaire. Suit was instituted by Mrs. Louella Lemaire as mother of Fred Joseph Lemaire and as administratrix of the Succession of Paul Ivy Lemaire, father of Fred Joseph Lemaire. Defendants are Younger Transportation, Inc. of Texas, Younger Brothers, Inc., and Vernon Parks.
Defendants Younger Transportation and Vernon Parks filed an exception of no cause of action.[1] Defendants argued that plaintiff failed to state a cause of action in that she failed to show that it was an intentional act on the part of Younger Transportation and/or Vernon Parks that brought about the death of Fred Joseph Lemaire, and hence, plaintiff's sole remedy *663 lay in workmen's compensation. Plaintiff thereupon amended her petition; Younger Transportation and Parks again filed an exception of no cause of action. The trial court sustained the exception of no cause of action, holding that Mrs. Lemaire's sole remedy lay in workmen's compensation.
On appeal, plaintiff argues that the trial court erred in sustaining defendants' exception of no cause of action. Plaintiff contends that defendants were guilty of an "intentional act" as defined in LSA-R.S. 23:1032.[2]
The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475, 482 (La.1981), gave the following test for intentional tort in the context of the above mentioned statute:
"The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did."
In Reed v. Yor-Wil, Inc., 406 So.2d 236, 239 (La.App. 1st Cir.1981), writ denied, 410 So.2d 1135 (La.1982), a case involving allegations of an "intentional act" on the part of an employer and supervisor, Chief Judge Covington of this court stated:
"The allegations of the petition in the instant case fall far short of alleging material facts constituting an `intentional act' as defined by the Supreme Court in Bazley. See Nettles v. Bowlin, 386 So.2d 658 (La.App. 1 Cir.1980). Paragraphs 3 and 4 of the petition characterize the defendants' conduct as alternatively `intentional' and `negligent'. Although Louisiana adheres to a system of fact pleading, LSA-C.C.P. arts. 854, 891, mere conclusionary allegations are never sufficient to state a cause of action. In re Phoenix Building & Homestead Ass'n, 203 La. 565, 14 So.2d 447 (1943); Williams v. Chrysler Motor Company, 271 So.2d 551 (La.App. 1 Cir.1972).
Hence, an allegation of `negligence' is merely the pleader's own conclusion of law. Naquin v. Baton Rouge Coca-Cola Bottling Co., 182 So.2d 691 (La.App. 1 Cir.1965), writ refused, 248 La. 1100, 184 So.2d 24 (1966). Similarly, an allegation of `intentional act' is merely the pleader's own conclusion of law. See Bazley v. Tortorich, supra; Johnson v. Narcisse, 373 So.2d 207 (La.App. 4 Cir.1979)."
In Shores v. Fidelity & Cas. Co. of New York, 413 So.2d 315 (La.App. 3rd Cir.1982), the plaintiff's petition alleged specific intentional acts on the part of the defendants, viz., failing to provide the plaintiff a safe place to work, overworking plaintiff, and requiring plaintiff to carry unsealed gasoline cans in the vehicle. In addition, the plaintiff alleged that the intentional acts were committed with the knowledge that serious injury was substantially certain to result from such acts. In sustaining the trial court's exception of no cause of action, the court wrote at page 318:
"We find the final paragraph to be a conclusion of the pleader that the defendants *664 believed serious accidents and injuries were substantially certain to follow. Accepting as true all of the allegations of fact as to the acts and omissions of the defendants, they do not constitute facts which show that defendants had knowledge that this plaintiff or any other employee assigned this job was substantially certain to be seriously injured in an accident as a result of the alleged acts and omissions. There are no specific facts pleaded to show how or why the defendants knew plaintiff's injury was a substantial certainty, nor are any facts pleaded as to the knowledge of any defendant of unsafe conditions under which the plaintiff was working. In the absence of allegations of the actual facts upon which this assertion is based, the plaintiff's petition does not set forth a cause of action for intentional tort against the defendants-appellees." (Citations omitted)
In Mayer v. Valentine Sugars, Inc., 430 So.3d 1068 (La.App. 4th Cir.1983)[3] and Hurst v. Massey, 411 So.2d 622 (La.App. 4th Cir.1982), writ denied, 413 So.2d 900 (1982), the Fourth Circuit has ruled to the contrary. In each instance, the court found that plaintiff's allegation of an intentional act on the part of defendant was sufficient to assert a cause of action. In so ruling, the court rejected the contention that such allegations are conclusions of law and found they were factual conclusions. We note that we are not bound by the decisions of other circuits, and therefore, we find the case of Reed v. Yor-Wil, Inc., supra, controlling.
The key paragraph in plaintiff's amended petition is as follows:

"6.
"The dispatch instructions by defendant Younger Transportation, or alternatively, Younger Brothers, were in violation of safety regulations promulgated by the United State (sic) Department of Transportation, Bureau of Motor Carrier Safety, specifically those contained in 49 C.F.R. 395, 392.2, in that the said dispatch instructions required Fred Lemaire to drive for more than ten consecutive hours without an intervening eight hour rest period, required Lemaire to be on continuous duty for more than fifteen consecutive hours, and resulted in Lemaire being on duty more than 60 hours in a period of 7 consecutive days. The said dispatch instructions were issued, and the violation of the cited federal safety regulations occurred in St. Mary Parish, Louisiana. The cited federal regulations were designed and intended to prevent accidents caused by fatigue. Defendant Younger, through its supervisory or dispatch personnel, knowingly and intentionally issued dispatch instructions and driver log entries which were in violation of the cited regulations, with the knowledge and belief that driver fatigue and resulting accident were substantially certain to result from compliance with such instructions."
*665 Here, plaintiff alleges that death or injury was believed or known to be substantially certain to result. Such an allegation constitutes a mere conclusion of law and an obviously incorrect conclusion of law from the facts alleged. We find, even though it is necessary to impute thoughts to the mind of one's employer for purposes of applying LSA-R.S. 23:1032, the present facts do not demonstrate that death or injury was substantially certain to result from a non-stop trip from Amelia, Louisiana, to Casper, Wyoming. The possibility of an accident occuring may have been "great" or even "extremely great." However, to state that the conduct of the employer constituted an "intentional act" or that death or injury was substantially certain to result therefrom, goes beyond the realm of reason. Under Bazley, the act must be intentional or known to be substantially certain to result in death or injury. Although the conduct alleged in the case sub judice could be classified as "gross negligence", to characterize it as an "intentional tort" or "intentional act" is not supported by the facts alleged in the petition.
We therefore affirm the ruling of the trial court sustaining defendant's exception of no cause of action as to the claim in tort and limit plaintiff's claim to Workmen's Compensation. All costs shall be paid by plaintiff.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.
WATKINS, Judge (dissenting).
The majority opinion correctly quotes the leading case of the Louisiana Supreme Court on the subject of liability for an "intentional act" under the general law, apart from workmen's compensation, under the rights preserved by LSA-R.S. 23:1032.
"The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." Bazley v. Tortorich, 397 So.2d 475 (La.1981)
The difficulty with the majority opinion is that it virtually strikes down the second possibility for assertion of a cause of action under Bazley, supra, that "defendant ... believed [the physical results of his act] were substantially certain to follow from what he did" and for all practical purposes limits recovery under the general law to cases in which "defendant ... desired to bring about the physical results of his act...." That result is precisely what Bazley, supra, was intended to prevent, as Bazley directly overruled an earlier line of cases that limited recovery in tort against the employer to cases in which the defendant desired the physical results of his act. See, e.g., Bourgoyne v. City of Baton Rouge, 380 So.2d 131 (La.App. 1st Cir. 1979), cert denied 382 So.2d 164 (1980); Guidry v. Aetna Cas. & Sur. Co., 359 So.2d 637 (La.App. 1st Cir.1978).
The statement in plaintiff's petition that "driver fatigue and resulting accident were substantially certain to result from compliance with [dispatch] instructions" is a statement of fact as to that which counsel for plaintiff believes to have gone on in minds of the dispatch or supervisory personnel of Younger. Obviously, it is impossible to know the precise thoughts that entered the mind of another person, unless that other person has reduced his thoughts to writing or expressed his thoughts verbally. Absent such an unequivocal expression of thought, all a conscientious lawyer can do in seeking to avail his client of the second possibility expressly recognized by Bazley, that of a result believed by the defendant to be substantially certain to follow, is to express in somewhat broad terms what he thinks went on in the mind of the defendant, or of the defendant's employer or agent. As we all know, not all of our thoughts are clearly formulated, or reduced to the grammatical constructions of the English, or any other, language. That being the case, the statement in plaintiff's petition that the supervisory or dispatch personnel of Younger issued dispatch instructions with the knowledge and belief that accident was substantially certain to *666 result represents a recitation of fact, not a conclusion of law, that fact being the nature of the thoughts that went through the minds of the supervisory or dispatch personnel of Younger when the dispatch instructions were issued.
The majority further takes the position that a non-stop drive from Amelia, Louisiana, to Casper, Wyoming, would not be substantially certain to result in death or serious injury, and, hence that plaintiff's conclusion that the drive would be substantially certain to result in death or serious injury is an "incorrect conclusion of law." We might note once more that plaintiff's conclusion is clearly not one of law, any more than would be the solution of an algebraic equation or the application of a rule of physics. It is at most a conclusion of fact. Conclusions of fact, as we all know, are commonplace in the assertion of a cause of action in a petition. As the statement in plaintiff's petition that the supervisory or dispatch personnel of Younger issued dispatch instructions "with the knowledge and belief that driver fatigue and resulting accident were substantially certain to result from compliance with such instructions" clearly represents a statement of fact, in determining whether or not the statement is sufficient to assert a cause of action, the usual rules of construction of a plaintiff's petition for purposes of an exception of no cause of action must be observed. All well-pleaded allegations of fact of plaintiff's petition are considered as true for purposes of an exception of no cause of action. It is immaterial whether or not it appears that plaintiff can prove the allegations of his petition, or whether or not it appears that plaintiff can win his case. Economy Carpets M. & D., Inc., v. Better Bus. Bureau, Etc., 333 So.2d 765 (La.App. 1st Cir.1976), writ refused 334 So.2d 428 (1976). The majority refuses to accept plaintiff's statements of fact as true. It thereby violates the basic rule of construction of pleadings for purposes of an exception of no cause of action.
If we take plaintiff's assertions as true, as we must for purposes of an exception of no cause of action, and apply Bazley, supra, to the well-pleaded facts, the conclusion inescapably follows that plaintiff has asserted a cause of action in tort.
I respectfully dissent.
NOTES
[1] No pleadings of any type were ever filed by Younger Brothers, Inc.
[2] LSA-R.S. 23:1032 provides as follows:

"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section."
[3] In Mayer v. Valentine Sugars, Inc., supra, Judge Ciaccio, in an excellently reasoned dissenting opinion, quoted the discussion of the difference between intentional torts and torts arising from negligence, in the federal court case of Keating v. Shell Chemical Company, 610 F.2d 328 (U.S., 5th Cir., 1980). In that decision, the court stated the following distinction:

"[T]he mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty."
In his dissent, Judge Ciaccio reasoned that:
"Just as the word `intent' is not a talisman which will convert allegations into colorable claims of true intentional tort, so likewise, neither will the allegations that the defendants acted with `the knowledge and belief' that the `injuries were substantially certain to follow'. The facts presented by the petition must support the legal conclusion that `the injuries were substantially certain to follow'. In this case, they do not. At most, the allegations of the plaintiff's petition state a cause of action in tort for gross or wanton negligence."